IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:09CV109-MU-1

| | |
|---|---|
| ZANE JOHNSON, | ) |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| STEVE BAILEY, et al., | ) |
| Defendants. | ) |

This matter is before the Court for an initial review of Plaintiff's Complaint pursuant to 42 U.S.C. §1983 (Doc. No. 1) and Motion to Appoint Counsel (Doc. No. 2), both filed September 25, 2009; and Plaintiff's Motion to Recorded [sic] Evidence (Doc. No. 5), filed October 5, 2009.

In his Complaint Plaintiff, an inmate at Alexander Correctional Institute (ACI), alleges that Defendants have been deliberately indifferent to his sleep apnea.[1] More specifically, Plaintiff complains that they have violated his constitutional rights by denying him a CPAP machine. Plaintiff names as Defendants Steve Bailey, the Western Division Director of Prisons, Robert Lewis, the Director of Prisons, Keith Whitener, the Administrator at ACI, Carlos Hernandez, the Assistant Administrator at ACI, Rosamuel Dawkins, a prison physician, Doug Walker, the Assistant Superintendent of Programming at ACI, Mrs. Evans, a Health Authority, Mrs. Kirby, the lead nurse

---

[1] The Court notes that Plaintiff is no stranger to litigation. In less than three years he has initiated approximately six other § 1983 actions which have named in total approximately seventy-eight defendants in the Eastern and Middle Districts of North Carolina. (5:2007ct3011; 5:2007ct3020; 5:2007ct3027; 5:2006ct3142; 1:2009cv102; 1:2009cv123; 1:2007cv382.) Further review reveals he has voluntarily dismissed many of these cases.

at ACI, and Mrs. Christopher, a correctional officer at ACI.

As an initial matter the Court notes that supervisory liability under § 1983 may not be predicated only on the theory of respondeat superior. See Vinnedge v. Gibbs, 550 F.2d 926, 929 (4th Cir. 1977). Section 1983 requires a showing of personal fault on the part of a defendant either based on the defendant's personal conduct or another's conduct in execution of the defendant's policies or customs. See Fisher v. Washington Metropolitan Area Transit Author., 690 F.2d 1133, 1142-43 (4th Cir. 1982). Plaintiff does not allege any personal conduct by Defendants Lewis, Bailey, Whitener, or Hernandez with regard to the incidents that form the basis of his Complaint. Moreover, an inmate's letter complaint to an administrator and a form response do not serve to render the administrator liable. As such, the above-listed Defendants are dismissed from this case on that basis.

To establish an Eighth Amendment violation based on inadequate medical care, an inmate must show that defendants acted with "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104 (1976). Deliberate indifference is demonstrated by either an actual intent to cause harm, or reckless disregard of substantial risk of harm that is either known to the defendant or would be apparent to a reasonable person in defendant's position. Miltier v. Beorn, 896 F.2d 848, 851-52 (4th Cir. 1990). In either case, however, the indifference must be substantial: inadequate treatment due to negligence, inadvertence, or differences in judgment between an inmate and medical personnel does not rise to the level of a constitutional violation. See Daniels v. Williams, 474 U.S. 327 (1986). In order to be actionable, a health care provider's actions must be "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Bowring v. Godwin, 551 F.2d 44, 48 (4th Cir. 1990)(citation omitted).

Plaintiff asserts in his Complaint that he was prescribed a CPAP machine to help him with his sleep apnea. Plaintiff further asserts that he requested a side table to place the CPAP machine on because he was concerned about ants and electrocution if his cell ever flooded. Plaintiff states his request was denied and he was told it was a custody issue.[2] Medical and prison staff repeatedly informed Plaintiff that the CPAP machine could be safely placed on the floor. Plaintiff admits in his Complaint that he ceased using the CPAP machine for over three months when he could not get a table. In response, in July 2009,[3] Defendant Dawkins ordered that Plaintiff's prescription for the CPAP machine be discontinued. Plaintiff states that despite numerous complaints to medical about his breath getting caught in his throat, he was still not given back his CPAP machine.

Plaintiff fails to state a constitutional claim against any of the remaining Defendants. A doctor's decision to stop a form of treatment based upon a prisoner patient's repeated and volitional refusal to comply with the treatment is not unconstitutional. Plaintiff was provided access to a specialist; was prescribed medication; and was given a CPAP machine to help with his sleep apnea. His decision not to use the machine and its ultimate removal for that reason simply does not state a constitutional claim against Defendant Dawkins. Moreover, a nurse or prison staff are not in a position to override a doctor's orders. As such, Plaintiff has failed to state a claim against Defendants Walker, Evans, Kirby, and Christopher.

Plaintiff has filed a motion requesting that this Court appoint him counsel to help him pursue

---

[2] Plaintiff states that he was informed by Defendant Walker that staff was concerned that a longer extension cord would pose a safety risk because staff was concerned that Plaintiff might harm himself. (Compl. 6, 7.) Moreover, it appears other inmates use similar CPAP machines without a side table. (Compl. Doc. No. 1-3, 13.)

[3] Plaintiff's CPAP had been discontinued for a day in June when Plaintiff exhibited suicidal thoughts. (Doc. No. 5, 2, 12-13.)

his claim. Appointment of counsel under §1915(e)(1) in cases brought under 42 U.S.C. § 1983 is discretionary. Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984). As Plaintiff has failed to state a claim and his Complaint is dismissed, his request is denied as moot.

Plaintiff has also filed a motion entitled "Motion to Recorded [sic] Evidence. Plaintiff attaches several exhibits to this document which this Court has taken into account in its ruling. Plaintiff also asks that this Court order that he be transferred to another facility. This Court does not have the authority to transfer inmates within the Department of Corrections. Moreover, even if this Court did have such authority, the Court would not order Plaintiff transferred. Plaintiff's Motion is denied.

**IT IS THEREFORE ORDERED** that:

1. Plaintiff's Complaint (Doc. No. 1) is **DISMISSED** for failure to state a claim upon which relief may be granted;

2. Plaintiff's Motion for Appointment of Counsel (Doc. No. 2) is **DENIED**; and

3 . Plaintiff's Motion to Recorded Evidence (Doc. No. 5) is **DENIED**.

Signed: October 23, 2009

Graham C. Mullen
United States District Judge

4